**STATE OF MONTANA et al. v. UNITED STATES et al. (FIVE RAILROADS, Interveners).**

No. 1442.

District Court, D. Montana.

Jan. 31, 1933.

furnish the usual bond to return payments if ultimately the order be avoided. And upon the same record the cause is submitted for final decision.

Although the complaint alleges some twenty-five "reasons" why the order is deemed "unlawful," to the extent argued and relied upon they are reduced to (1) absence of "the jurisdictional findings necessary to support" the order, and (2) "no evidence before the Commission upon which such jurisdictional findings could be made."

It appears that in 1931 the carriers' application for nationwide increase of freight rates was heard and denied by the Commission, but with leave at will and within limits to increase rates if profitable upon specified classes of commodities, the Commission relying upon the self-interest of the carriers to refrain from any unproductive increase, and to voluntarily perform their promise to loan the avails to the extent necessary to carriers not earning fixed interest obligations. See Ex Parte No. 103, 178 I. C. C. 539; Id., 179 I. C. C. 215.

Observing that the proceeding related not to particular rates, but to the general level of all, and was general revenue in character, wherein it was both impracticable and unnecessary to consider the reasonableness of individual rates, though it reserved the right to do so should the need arise, the Commission in its reports in substance found that as a whole the carriers' earnings were inadequate, their credit impaired, their securities subject to distrust tending to and verging on panic, their revenues depleted to such extent that their ability to furnish the services the public needs and must have was threatened; that increase in rates was necessary to avoid impairment of an adequate system of transportation; that the increase authorized did not exceed the bounds of maximum reasonable rates; and that, if the increase was applied interstate and intrastate, it would produce substantial revenue.

L. A. Foot, Atty. Gen., and Francis A. Silver, of Helena, Mont., Counsel for Board of Railroad Commissioners, for plaintiffs.

John Lord O'Brian, Asst. to Atty. Gen., Elmer B. Collins, Sp. Asst. to Atty. Gen., and Wellington D. Rankin, U. S. Atty., of Helena, Mont., for the United States.

Daniel W. Knowlton, Chief Counsel, and E. M. Reidy, Asst. Chief Counsel, both of Washington, D. C., for Interstate Commerce Commission.

Gunn, Rasch, Hall & Gunn, of Helena, Mont., and Conrad Olson and M. L. Countryman, Jr., both of St. Paul, Minn., for interveners.

Before WILBUR, Circuit Judge, and PRAY and BOURQUIN, District Judges.

BOURQUIN, District Judge.

Plaintiffs sue to enjoin and annul the defendant commission's order that intrastate freight rates on certain classes of commodities be increased in amount at least equal to like increase in interstate rates, so long as the latter increase is maintained. Interested railroads intervened.

Heard, application for interlocutory injunction was denied, provided the railroads

Thereupon the increase was by the carriers put into effect interstate, to terminate March 31, 1933, unless by the Commission extended and for which application is pending. Like increase in intrastate rates was granted by all but a few states, including Montana.

To remove the disparity which they asserted involved unjust discrimination against interstate commerce, the carriers invoked the power of the Commission; and hearings resulted in the order in suit. See No. 25135, 186 I. C. C. 615 et seq.

In its report or decision the Commission exhaustively discusses the premises, decisions, and law, and in substance finds that the increase in interstate rates dislocates the pre-existing relationship between them and intrastate rates; that, in consequence, the latter unjustly discriminate against interstate commerce, to remove which and to restore harmony requires that intrastate rates be likewise increased save on ores and concentrates; that, in respect to the effect of the increase on revenues, it is more of prediction than finding, and no positive finding is justified; and that the findings are without prejudice to application to modify any said intrastate rate if its increase did not increase revenue, or if not otherwise in contravention of the Interstate Commerce Act.

This suit followed.

The evidence in No. 25135 but not that in No. 103 is presented in the instant suit and by plaintiffs. Plaintiffs contend the absent and necessary findings are that: (1) The interstate rates are just and reasonable; (2) the intrastate rates are of lower level and are less than just and reasonable; (3) the amount of revenue from existing intrastate rates; (4) the latter rates do not produce a fair proportion of the carriers' total revenues; and (5) the increase ordered will supply the deficiency.

In support is cited the Florida Case, 282 U. S. 194, 51 S. Ct. 119, 75 L. Ed. 291.

The rule of that case is that an order by the Commission to increase intrastate rates state-wide on a single commodity in respect to which is neither state-wide interstate rates nor traffic, and without any finding that the increase would "likely produce additional income necessary to prevent an undue burden upon the carrier's interstate revenues and to maintain an adequate transportation system," is invalid; and that the court is "not called upon to examine the evidence," conflicting at least, "in order to resolve opposing contentions" in respect to the point.

Of course, the reason of the rule is that the statute (Interstate Commerce Act, 49 USCA § 1 et seq.) authorizes the Commission to order increase in intrastate rates which discriminate against interstate commerce, only when the discrimination is unjust; and it is unjust only when (1) said rates fail to produce a due share of the total revenues from both interstate commerce and intrastate commerce which are necessary to discharge their common obligation to provide an adequate nation-wide system of transportation, and (2) the increase will likely produce more revenue to apply to the deficiency.

It follows that, if increase is not likely to produce more revenue, its authorization is an idle, unjustifiable, and illegal exercise of the Commission's power. For to that beneficial end alone, and not for its own sake, is the power conferred upon the Commission.

Primarily, intrastate rates are within state control, and whenever, as here, the Commission assumes to exercise authority over them, the "justification" as aforesaid, it is emphasized in the Florida Case, "must clearly appear." The statute provides that, in exercise of its authority, the Commission shall report in writing, but only when damages are awarded does it stipulate findings shall be included. Title 49, section 14, USCA.

In all other investigations, if justification otherwise clearly appears, formal and precise findings are not necessary. Manufacturers' Ry. Co. v. U. S., 246 U. S. 457, 487, 38 S. Ct. 383, 62 L. Ed. 831.

We are of opinion that the reports of the Commission contain all essential findings of fact to justify its order, however colloquially expressed.

It was confronted by an emergency, the gravity of which could hardly be exaggerated, and which time has but intensified, necessitating increased revenues for the railroads to avoid impairment of an adequate transportation system and service, and incidentally to afford a contributing influence to escape evils of magnitude which threatened, not the railroads alone, but the nation as a whole.

Positive forecasts were not only unnecessary but impossible, as time has abundantly proven.

By reason of the presumption of regularity in official duty theretofore performed, it is to be assumed, even as it is unquestioned, that at the time of interstate increase ordered interstate rates and intrastate rates were in just relationship, a harmonious whole, each contributing its fair proportion of total revenues in discharge of their common obligation to adequately maintain the railroads and service in common used by interstate and intrastate commerce.

Increase interstate destroyed this status, resulted in discrimination against interstate commerce, and obviously, if like increase intrastate to restore the former status would produce more revenue, the discrimination was unjust and thus to be removed. Wisconsin State Rate Case, 257 U. S. 563, 42 S. Ct. 232, 66 L. Ed. 371, 22 A. L. R. 1086.

In the earlier proceeding No. 103, in which plaintiffs were represented, and to

which No. 25135 is supplementary, the Commission found that the increase in interstate rates did not exceed the bounds of maximum reasonable rates, and that applied interstate and intrastate would produce between $100,000,000 and $125,000,000 per year. Recognizing, however, the hazard of the times, the fallacy of prophecy, that not it but the carriers' officers were managers of operations, it authorized the latter to apply and discontinue any increase as experience advised.

In that, in effect fixing both maximum and minimum rates as the statute authorizes, it is believed the order is within the Commission's discretion.

Its effect is to permit the carrier to do what and more quickly the Commission on application might do by virtue of the saving clause. And there is no evidence that in revenues the increase has not vindicated the propriety of the order.

Moreover, examination of the evidence without conflict and upon which issue is joined clearly makes to appear that the increase in intrastate rates will likely increase revenues. If in particular instances decrease in revenue will follow, as one shipper testifies will be its case, the saving clause affords relief.

Still further in their complaint the plaintiffs allege that the increase will compel intrastate shippers to their damage to pay railroads in excess of $150,000 more than otherwise, without suggestion they can escape it by other means than the relief they pray herein—an implied admission revenues will increase.

■ In respect to reasonableness, the increased rates expressly found reasonable interstate, like increase to restore former relationship prima facie is reasonable, intrastate.

It appears that in a like case involving the increase intrastate in Louisiana, the court held the order invalid, for that it did "not believe the Interstate Commerce Commission can by allowing a general increase in interstate rates compel the State Commission to allow the same increases on intrastate traffic in the absence of the essential finding that the resulting rates would be reasonable or that for the future they will increase the carriers' revenue." Louisiana et al. v. U. S. et al., 2 F. Supp. 545.

But, to say the least, it not appearing that the evidence before the court disclosed increase in revenue was likely, nor that the plaintiffs admitted increase was likely, the action there is not a precedent here.

Decree for defendants and interveners.

All concur.