**STATE OF MONTANA et al.**
v.
**UNITED STATES et al.**
Civ. A. No. 586.

United States District Court
D. Montana, Helena Division.
June 23, 1953.

Arnold H. Olsen, Atty. Gen. of Montana, H. M. Brickett, Asst. Atty. Gen. of Montana, Edwin S. Booth, Secretary-Counsel, Board of Railroad Com'rs, and Sp. Asst. Atty. Gen. of Montana, for the State of Montana and others.

Milton C. Gunn, Helena, Mont., Lewis, Grant, Newton, Davis & Henry and Donald S. Graham, Denver, Colo., for intervening plaintiff American Crystal Sugar Co.

Milton C. Gunn, Helena, Mont., Martin & Holt and Edward A. Walsh, Denver, Colo., for intervening plaintiff Great Western Sugar Co.

Milton C. Gunn, Helena, Mont., Dennis O'Rourke, Colorado Springs, Colo., for intervening plaintiff Holly Sugar Corp.

Edmond G. Toomey and Michael J. Hughes, Helena, Mont., for intervening plaintiffs Montana Stockgrowers Ass'n and Montana Woolgrowers Ass'n.

E. Riggs McConnell, Frank F. Vesper, Sp. Assts. to the Atty. Gen., Newell A. Clapp, Acting Asst. to the Atty. Gen., James E. Kilday, Sp. Asst. to the Atty. Gen., Dalton Pierson, U. S. Atty. for Montana, Butte, Mont., for the United States.

Edward M. Reidy, Chief Counsel, and Leo H. Pou, Asst. Chief Counsel, Washington, D. C., for intervening defendant Interstate Commerce Commission.

Marcellus L. Countryman, Jr., Conrad Olson, Edwin C. Matthias, Louis E. Torinus, Jr., and John C. Smith, St. Paul, Minn., Carson L. Taylor and Thomas H. Maguire, Chicago, Ill., Byron E. Lutterman, Seattle, Wash., Elmer B. Collins, Omaha, Neb., Eldon M. Martin, Chicago, Ill. (Robert D. Corette, Butte, Mont., Newell Gough, Jr., Helena, Mont., of counsel), for intervening defendants Railroad Companies.

Before POPE, Circuit Judge, PRAY, Chief Judge, and MURRAY, District Judge.

PER CURIAM.

This case has been heard further pursuant to the per curiam decision of the Supreme Court, Northern Pacific Railway Co. v. State of Montana, 344 U.S. 905, 73 S.Ct. 329, which vacated our former judgment, State of Mont. v. U. S., 106 F.Supp. 786, and remanded the case "for further proceedings in the light of King v. United States, 344 U.S. 254, 73 S.Ct. 259," which was decided on the same day.

The views upon which our former judgment was based were stated in two opinions, State of Montana v. United States, 106 F.Supp. 778, and 786. In the opinion following the first of the two hearings then had we rejected the contention made on behalf of the State that the evidence was insufficient to support the order of the Interstate Commerce Commission, here under attack, because of a failure to segregate and prove separately the cost and revenues of intrastate traffic as distinguished from the cost and revenues of interstate traffic. Principally upon the authority of State of Montana v. United States, D.C., 2 F.Supp. 448, affirmed 290 U.S. 593, 54 S.Ct. 125, 78 L.Ed. 523, we held that the showing that both types of traffic are handled within Montana in the same trains, by the same crews, and with the same facilities, and that in the physical handling both are inextricably commingled, the Commission was warranted in assuming that prior to the general rate increase proceedings the relationship of Montana intrastate rates to the interstate rates was a proper one.

However, we expressed the view that the Commission's findings were insufficient when tested by the standards laid down in North Carolina v. United States, 325 U.S. 507, 65 S.Ct. 1260, 89 L.Ed. 1760. We stated that the primary question which the Commission was required to determine was whether the intrastate traffic has contributed its fair share of the revenue required to enable respond-

ents to render adequate and efficient transportation service. We thought that an examination of the findings of the Commission in the proceeding under review disclosed that it was subject to the same criticism which the Supreme Court had made in the North Carolina proceeding, namely, that "it made no finding as to what amount of revenue was required to enable these railroads to operate efficiently." We suggested that if this required finding could be found in the findings and order which the Commission made in its Ex Parte 168, relating to interstate rates in the proceedings which immediately preceded those here under review, that would suffice.

We invited further argument of counsel in respect to this question. After such argument and in our opinion following it, we expressed the view that the lack in respect to the findings which we had previously noted had not been supplied by anything disclosed at this argument. We noted that although in the final report in Ex Parte 166, an earlier proceeding relating to interstate rates, the Commission said that its estimate of the amount required to enable the carriers to render adequate service was "upon the assumption that timely similar adjustments will be made upon intrastate traffic", yet there was no similar finding in Ex Parte 168 upon which the proceedings now under review were based.[1]

At our final hearing in this matter counsel for the State has again urged that the evidence before the Commission was insufficient to sustain its order. It is contended that the evidence in the Florida case was far more complete and adequate than that offered in the Montana proceedings now before us. Counsel made the point that the evidence relating to the cost and revenues for an entire system plus the fact that the same trains and crews handled both types of traffic, cannot, standing alone, prove unjust discrimination. Counsel do not make clear just what evidence they think was lacking but which should have been offered here, except that they say "the unjust discrimination could be shown by different forms of evidence. Reasonable estimates of intra and interstate costs would be one method."

We did not heretofore have any doubt as to the adequacy of the evidence to sustain the order of the Commission. We are still of the same opinion and that opinion is not affected by any showing that the evidence before the Commission in the Florida proceedings was more full or complete than that in the present record. In the King case attention was called to the fact that there no question was raised as to the adequacy of the evidence, but the court did allude to the supporting evidence in that record and to the fact that much of the factual material that was before the Commission in the System hearings was before it in the Florida proceedings. It affirmed the propriety of the use of such material in both types of proceedings. The Court then, in quoting from Illinois Commerce Commission v. United States, 292 U.S. 474, 483, 54 S.Ct. 783, 78 L.Ed. 1371, used language which we considered to be a complete answer to the State's argument that the evidence was insufficient, as follows, 344 U.S. on page 273, 73 S.Ct. on page 269: "It is plain from the nature of the inquiry that the rate level, to which both classes of traffic were raised, was found reasonable on the basis of the traffic as a whole. Where the conditions under which interstate and intrastate traffic move are found to be substantially the same with respect to all factors bearing on the reasonableness of the rate, and the two classes are shown to be intimately bound together, there is no oc-

---

1. The proceedings reviewed in the King case, supra, were based not upon Ex Parte 168, but upon the earlier proceedings in Ex Parte 166. The quoted phraseology from the 166 proceeding is alluded to in footnote 4, 344 U.S. on page 258, 73 S.Ct. on page 262, of the Supreme Court's opinion in the King case. It is clear that the Court's approval of the findings in that case was based upon those found in the Florida proceedings alone, wholly apart from, and unaided by this finding in Ex Parte 166.

casion to deal with the reasonableness of the intrastate rates more specifically, or to separate intrastate and interstate costs and revenues." [2]

Turning then from the question of the adequacy of the evidence to that of the sufficiency of the findings of the Commission, our further consideration thereof convinces us that in the light of the decision in the King case, they must be sustained as adequate.[3] In reviewing its former decision in the North Carolina case the Supreme Court says, 344 U.S. 270, 73 S.Ct. 268: "The finding which was primarily needed, and was there found lacking, was one that the intrastate service at 1.65 cents per mile did not contribute its fair share of the earnings required to meet maintenance and operating costs and to yield a fair return on the value of the property directed to the transportation service, both interstate and intrastate. This Court held that the mere disparity between the rates for comparable intrastate and interstate service was not enough per se to establish the requisite unjust discrimination. Confronted with evidence that the interstate rate of 2.2 cents per mile was above a reasonable rate level for comparable intrastate passenger service, a finding supported by evidence was held to be necessary to show the contrary. Such a finding, lacking in the North Carolina case, is supplied here by finding No. 3, which states that the 'intrastate rates * * * herein approved will not exceed a just and reasonable level.'" The Court then proceeded to contrast the state of

the findings in the North Carolina case with the findings actually made in the King case, and referring again to its decision in the North Carolina case concluded, 344 U.S. 274–275, 73 S.Ct. 270: "The Court emphasized the Commission's reliance on 'the mere existence of a disparity between what it said was a reasonable interstate rate and the intrastate rate fixed by North Carolina.' Ibid. In the instant case the Commission does not rely upon the mere disparity between the intrastate and interstate rates. On the contrary, the Commission states that the Florida intrastate rates 'are abnormally low and are not contributing their fair share to the revenues required * * * to render adequate and efficient service and to operate profitably, and thereby accomplish the purpose of the Interstate Commerce Act * * *.' Finding No. 5, 278 I.C.C. at 72. Also, in finding No. 6, it says that the establishment of the proposed increases in intrastate rates 'will substantially increase respondents' revenues therefrom, and will constitute not more than a fair proportion of respondents' total income * * *.' Id., at 73. More is not needed."

As substantially the same findings which the Supreme Court thus found sufficient in its review of the Commission's Florida proceedings are incorporated in the findings and order of the Commission which we here review,[4] it necessarily follows that the order of the Commission must be upheld. Accordingly, we conclude that the relief sought by the plaintiffs must be and is denied.

2. We note that the Court there cited our first opinion, where we expressed a similar view.

3. The King case dealt not only with the question of the sufficiency of findings, but also with the question of whether in a proceeding of this character the Commission may give weight to deficits in passenger revenue. All parties here concede that the latter question is not involved here.

4. The findings in the Florida proceedings which the Supreme Court discusses and finds sufficient are set out at length in footnote 13 on page 267 of 344 U.S., on page 266 of 73 S.Ct. Finding No. 2, there quoted, is in substance the same as finding No. 1 in the order which we here review; finding No. 3 is in substance the same as finding No. 2 in this case; finding No. 5 corresponds to No. 4, in the Montana proceeding and findings 6, 7 and 8 are the same as findings 5, 6 and 7 in the Montana proceeding.